**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10252 |
| Plaintiff - Appellee, | No. 10-10253 |
| v. | D.C. No. 4:09-cr-50163-JMR |
| FAUSTO ALDAY-ARVIZO, a.k.a.<br>FAUSTO ALDAY, | D.C. No. 4:09-cr-01219-JMR |
| Defendant - Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Submitted June 15, 2011 [**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Fausto Alday-Arvizo appeals from the 57-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of

8 U.S.C. § 1326, and the 6-month sentence imposed upon revocation of his

supervised release in connection with a 2003 drug-trafficking conviction. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Alday-Arvizo contends that his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated by the government's failure to disclose information relating to his work with the Drug Enforcement Administration ("DEA") as a confidential informant ("CI"). The record reflects that the issue was discussed with the district court and that the government represented to the court that the DEA ordinarily will neither confirm nor deny an individual's work as a CI. Although "the DEA cannot undermine *Brady* by keeping exculpatory evidence out of the prosecutor's hands," *United States v. Blanco*, 392 F.3d 382, 394 (9th Cir. 2004) (internal quotations omitted), the claim fails because Alday-Arvizo "possessed the salient facts regarding the existence of the records that he claims were withheld" but never invoked court process by subpoenaing the DEA materials, *see Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006).

Alday-Arvizo also contends that the district court could have relied upon the statements in the uncontroverted presentence report regarding his alleged cooperation with the DEA to mitigate his sentence. The record reflects that the district court did consider Alday-Arvizo's contentions of cooperation. Nothing in either Fed. R. Crim. P. 32 or *United States v. Romero-Rendon*, 220 F.3d 1159 (9th Cir. 2000), required the court to do more.

**AFFIRMED.**